IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| STEVEN JAMES MAIER, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. 3:17-CV-289 |
| § | |
| DR. SUSAN E. TARRY, § | |
| § | |
| Defendant. § | |
| § | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Steven James Maier (TDCJ #2020273) is currently incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ"). Maier has filed a complaint under 42 U.S.C. § 1983 (Dkt. 1) with a brief in support (Dkt. 2), alleging that Dr. Susan E. Tarry denied him adequate medical care in violation of his constitutional rights. Dr. Tarry has filed a motion to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (Dkt. 15). Maier has filed a response to the motion to dismiss (Dkt. 22) and Dr. Tarry has filed a reply (Dkt. 23). After reviewing all of the pleadings, the parties' briefing, and the applicable law, the Court will **GRANT** the defendant's motion and **DISMISS** this case for the reasons that follow.

## I. BACKGROUND

Maier is presently confined by TDCJ at the Polunsky Unit in Livingston, Texas (Dkt. 1 at p. 1).[1] Dr. Tarry is a physician employed by the University of Texas Medical Branch ("UTMB") in Galveston (*Id*.).

Maier blames Dr. Tarry for an infection that he developed following hydrocele surgery to reduce an accumulation of fluid in his scrotum (Dkt. 22 at p. 3). During the surgery, which took place on March 8, 2016, a drainage tube was placed in his scrotum (Dkt. 2 at p. 4). Maier alleges that his scrotum became infected after the tube fell out "due to Medical Negligence," which caused him to suffer a high fever and excruciating pain (*Id*.). As a result of the infection, a second surgery was necessary (*Id*.). Invoking 42 U.S.C. § 1983, Maier accuses Dr. Tarry of breaching her duty of care and he seeks compensatory damages in the amount of $25,000.00 for violating his constitutional rights under the Eighth Amendment (*Id*. at pp. 7-8).

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate only where the plaintiff's complaint fails to state a claim upon which relief can be granted. In reviewing a motion under Rule 12(b)(6), a court must "accept[] all well-pleaded facts as true and view[] those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010) (citation omitted). To withstand a motion to dismiss, the factual allegations in the complaint

---

[1] For purposes of identification all page numbers reference the pagination imprinted on each docket entry by the Court's electronic filing system, CM/ECF.

"must be enough to raise a right to relief above the speculative level[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint has not set forth "enough facts to state a claim to relief that is plausible on its face," it must be dismissed. *Id*. at 570.

In reviewing the pleadings, the Court is mindful of the fact that the plaintiff in this case proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "labels and conclusions' or a 'formulaic recitation of the elements of a cause of action[.]" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

## III. <u>DISCUSSION</u>

To succeed in stating a claim for inadequate medical care a prisoner must demonstrate "deliberate indifference" to a "serious medical need" that poses a violation of the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish deliberate indifference in violation of the Eighth Amendment, a prisoner must show that the defendant was both (1) aware of facts from which an inference of an excessive risk to the prisoner's health or safety could be drawn, and (2) subjectively drew an inference that such potential for harm existed. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). The

Eighth Amendment deliberate indifference standard is an "extremely high" one to meet. *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). "Actions and decisions by officials that are merely inept, erroneous, ineffective or negligent" do not amount to deliberate indifference. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 219 (5th Cir. 1998). A showing of deliberate indifference to medical needs requires the prisoner to demonstrate that prison officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (internal quotation marks omitted).

Maier alleges, without providing any specific details about Dr. Tarry's involvement, that the drainage tube in his scrotum fell out and that the area became infected due to her negligence. Assuming that a lapse in professional judgment occurred, it is well established that allegations of mere negligence or medical malpractice do not amount to a constitutional violation of the Eighth Amendment. *See, e.g., Gamble*, 429 U.S. at 106 ("[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment."); *Gibbs v. Grimmette*, 254 F.3d 545, 549 (5th Cir. 2001) (A showing of "mere negligence in failing to supply medical treatment" does not state a claim under the Eighth Amendment.); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."); *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) ("[A]llegations of malpractice or negligence will never state a claim under

4

the Eighth Amendment."). Because Maier does not allege facts showing that Dr. Tarry denied him adequate medical care with deliberate indifference in violation of the Eighth Amendment, he has failed to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, Dr. Tarry's motion to dismiss will be granted.

IV. **CONCLUSION**

Based on the foregoing, the Court **ORDERS** as follows:

1. The motion to dismiss filed by the defendant, Dr. Susan E. Tarry (Dkt. 15), is **GRANTED**.

2. Dr. Tarry's pending motion to stay all other deadlines (Dkt. 16) is **MOOT**.

3. The complaint filed by Plaintiff Steven James Maier is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties of record.

SIGNED at Galveston, Texas, this 30th day of July, 2018.

_____
George C. Hanks Jr.
United States District Judge